# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY, MARK and LAHOMA, BIGBY, d/b/a CHEROKEE RENTAL COMPANY, a Partnership, d/b/a BANDIDO'S MINI MALL,<br><br>Plaintiffs,<br><br>vs.<br><br>JASON NICHOLS, in his official Capacity as Mayor of City of Tahlequah; DIANE WESTON, CHARLES CARROL, STEVEN HIGHERS and JOSHUA BLISS in their official capcaity as Council of the City of Tahlequah; and MARK SERATT, in his capacity as City of Tahlequah Inspector/Code Enforcer, and in his personal capacity,<br><br>Defendants. | Case No. CIV-16-184-FHS |

## OPINION AND ORDER

This matter comes before the Court on Defendant Mark Secratt's motion to dismiss (Dkt. No. 11).[1] On June 16, 2016, Plaintiff filed a response (Dkt. No. 14) and on June 29, 2016, Defendant Secratt filed his reply (Dkt. No. 15).

This lawsuit was originally filed in the District Court of Cherokee County, State of Oklahoma, on April 18, 2016, and was brought pursuant to 42 U.S.C. § 1983 and Okla. Const. Art. II, § 7, for alleged violations of Plaintiffs' Fifth Amendment constitutional

---
[1] The Court acknowledges that Defendant Secratt's name is apparently misspelled in the complaint as "Seratt."

rights, as incorporated through the Fourtheenth Amendment. On May 13, 2016, Defendants removed the action to this Court. Defendant Secratt requests this Court to dismiss Plaintiff's claims against him in his personal capacity for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6), upon which relief can be granted.

To avoid dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555. Nonetheless, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. A dismissal under rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept*., 901 F.2d 696, 699 (9th Cir. 1990).

Defendant Secratt claims he is entitled to qualified immunity based upon the facts contained in plaintiffs' complaint. Government officials are protected under the doctrine of qualified immunity "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)).

> Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. The protection of qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Groh v. Ramirez*, 540 U.S. 551, 567, 124 S.Ct. 1284, 157 L.Ed2d 1068 (2004)(KENNEDY, J., dissenting)(quoting *Butz v. Economou*, 438 U.S. 478, 507, 98 S.C. 2894, 57 L.Ed.2d 895 (1978), for the proposition qualified immunity covers "mere mistakes in judgment, whether the mistake is one of fact or one of law").

*Pearson*, *supra*.

The Supreme Court has indicated the defense of qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Moreover, the Tenth Circuit has indicated there is "a presumption in favor of immunity for public officials acting in their individual capacities." *Hidahl v. Gilpin County Dept. of Social Services*, 938 F.2d 1150, 1155 (10th Cir. 1991). As a general rule, once a defendant asserts qualified immunity, the burden shifts to plaintiff to establish that the defendant's actions violated a federal constitutional or statutory right which was clearly established at the time of the defendant's unlawful conduct. *Cillo v. City of Greenwood Village*, 739 F.3d 451, 460 (10th Cir. 2013).

According to the allegations contained within the complaint, the present dispute over the Plaintiffs' sign began on or about March 14, 2012, when an unnamed City of Tahlequah Code Enforcer issued a citation to Gilbert Bigby alleging that a sign located at 1800 S. Muskogee Ave, Tahlequah, OK did not conform to certain City of Tahlequah sign ordinance provisions. Following a trial, on August 10, 2012 in Tahlequah city

3

court, a municipal judge found Gilbert Bigby[2] not guilty of violation of Section No. 12-912 of the City of Tahlequah City Code. *See,* Dkt. No. 3-1, Plaintiffs' Exhibit 1.

On July 10, 2015, Defendant Secratt gave written notice to Plaintiff Lahoma Bigby of violation of Tahlequah City Code § 12-903 which prohibits signs from becoming dilapidated and requires removal of any signs advertising a business that has ceased to exist for 180 days, unless the sign is maintained in good condition and its "display face is covered uniformly with an opaque, white colored material consisting of plastic, paint, or other durable material." Dkt. No. 3-1, Plaintiffs' Exhibit 3. Following receipt of the code inspection notice, Defendant Secratt was contacted, advised of the 2012 court decision and asked to discontinue any further action to enforce the city ordinances against the Plaintiffs' property. Shortly thereafter, a meeting was held between the City attorney, Defendant Secratt and Terry Bigby (who appeared as attorney for Plaintiffs).

According to the complaint, nothing further was done to advise Plaintiffs regarding any decision reached on the matter and no order for removal was ever provided to Plaintiffs. On or about November, 2015, the Plaintiffs realized the sign had been cut down and placed in an unsafe position leaning on the exterior wall of Plaintiffs' building. Thus, Plaintiffs allege they were not provided with "proper due process notice."

In relation to Defendant Secratt, Plaintiffs' complaint clearly indicates "[t]hat the actions of Mark Secratt were under color of law in violation of title 42 U.S.C.A. 1983. . ."

---

[2] According to the complaint, "LaHoma Bigby is the wife and was the joint owner of the subject real property and was along with Mark and Terry Bigby co partners with Gilbert Bigby in the subject property. . . . " Dkt. No. 3-1, at ¶ 9.

Dkt. No. 3-1, at ¶ 25. Additionally, Plaintiffs indicate that Defendant Secratt "knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the statutory and constitutional rights of the Plaintiff and deprive them of their property interest in violation of law . . . . . ." *Id*., at ¶ 26.

Based upon the facts alleged, however, this Court finds Plaintiffs were afforded notice and a hearing before the sign at issue was taken down. Plaintiffs do not cite and this Court is not aware of any authority to suggest that a reasonable municipal inspector/code enforcer in Defendant Secratt's possession should have known by enforcing a city ordinance after written notice (even where the written notice contained a mistake as to the correction date) and an opportunity to be heard, that he would be violating the clearly established due process rights of the Plaintiffs. Therefore, this Court finds Plaintiffs have failed to state a claim for relief against Defendant Secratt in his individual capacity and/or that Defendant Secratt is entitled to qualified immunity. Accordingly, this action is dismissed against Defendant Secratt in his personal capacity.

It is so ordered on this 26th day of July, 2016.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma